### SEWALL vs. R. M. & I. RUSSELL.

Where R. R. & I. R., partners, confessed a judgment to W. their brother in law for $25,000, under which the household furniture of R. R. together with other property was sold, and W. at the sale purchased the furniture and left it with R. R. ; and it appeared that the judgment was given to W. to secure a debt due him of $2850, and to apply the residue of the said judgment when collected in paying such of the creditors of R. R. & I. R. as R. R. should designate ; and the property of the firm which could not be reached by execution was assigned by R. R. to I. R. in trust to pay himself the costs of executing the trust, the expenses of obtaining R.R.'s. insolvent's discharge, and the expenses of all suits at law or in equity, and to apply the residue in payment of the debts of the firm in the order prescribed in a schedule annexed ; S. a creditor of R. R. & I. R. prosecuted his debt to judgment against them, and issued an execution thereon which was returned unsatisfied ; it was held that the judgment to W. was given to defraud creditors, and that the assignment from R. R. to I. R. was also fraudulent and void as against the creditors of R. R. & I. R, and that S. was entitled to receive out of the property so assigned the amount of his judgment, with interest and his costs of suit.

THE defendants were merchants in New-York, and failed. They then confessed a judgment to W. S. Smith, their brother in law for $25,000, under which judgment the furniture of R. M. Russell with other property was sold. The furniture was bid in by Smith and left in the possession of R. M. Russell. By the answer of the defendants it appeared that this judgment was given to secure a debt of $2850 to Smith, and to enable him to collect the residue of such judgment and to apply the money in payment of such of the creditors of the firm as R. M. Russell should thereafter designate. The property of the firm which could not be reached by an execution was assigned by R. M. Russell to Israel Russell, his copartner, in trust in the first place to pay Israel Russell the costs and expenses of executing his trust, the expenses of procuring R. M. Russell's discharge under the insolvent act, and the expenses of prosecuting and defending all suits in law or

1830.
Sewall
v.
Russell.

in equity and to apply the residue to the payment of the debts of the firm, in the order prescribed in a schedule annexed to the assignment. The complainant having proceeded to judgment and execution at law for a debt due to him by the firm of R. M. & I. Russell, and the execution having been returned unsatisfied, he filed his bill in this cause against the said R. M. & I. Russell to obtain satisfaction of his judgment out of their joint and separate property, which had been placed beyond the reach of an execution at law. The cause was heard on bill and answer.

*R. Sedgwick*, for the complainants.

*S. A. Foot.* for the defendants.

THE CHANCELLOR. The objection that as R. M. Russell had assigned all his interest in the property and effects of the firm, to his copartner, he ought not to be a party defendant, cannot be sustained. The complainant's judgment at law being against him, as well as against Israel, he was a proper party to a suit seeking satisfaction of that judgment, although the property might all be in the hands of his co-defendant. It is evident from the answer that the judgment to Smith was given to defraud creditors ; as there could be no good reason for giving a judgment bond conditioned to pay $25,000 when the debt intended to be secured was less than $3000. The object must have been to cover property to a much larger amount, and to keep it under the control of the defendants, or of their brother in law. As Smith is not a party no decree can be made affecting his rights to the property bid in by him under that judgment. The assignment from one partner to the other of the partnership property to secure the payment of the partnership debts, was a palpable attempt on their part to keep the property under their own control, and it cannot succeed. Unless there was a surplus beyond the debts of the firm, the assignor had no interest in the partnership effects which could pass by the assignment so as to give any greater interest to the assignee than he before possessed. The only effect of the assignment was to exclude the assignor from any control over the property ; and

it is even doubtful whether it could have that effect here. I think also the assignment must be considered fraudulent as against the creditors of the firm, in consequence of the trust to pay the assignor's expenses in obtaining the benefit of the insolvent act, and the costs of defending suits which might be brought by the creditors for the recovery of their debts.

There must be a decree declaring the assignment fraudulent and void, as against the complainants and other creditors of the firm. It must also be referred to a master in the city of New-York to appoint a receiver of the property and effects of the company, and of the defendants individually; and to collect and apply the same to the satisfaction of the complainant's judgment. And the defendants must assign and deliver over on oath to the receiver all the property and effects of the firm, and of each of them individually, and all books of account and choses in action relating thereto, as the master shall direct. The receiver is also to be directed to pay out of the proceeds thereof the complainant's costs in this suit to be taxed, and the amount of his judgment with interest. The proceeds of the property and effects of the firm to be first applied for that purpose.