## ALFRED B. RICHMAN

*v.*

## JOHN DONNELL et al.

New matter by way of defence, which requires the introduction of new parties, cannot be set up by way of cross-bill.

---

On motion to dismiss cross-bill.

*Mr. Austin H. Swackhamer*, for the motion.

*Mr. John S. Jessup*, contra.

BIRD, V. C.

The complainant files his bill to foreclose a chattel mortgage and to restrain the defendant Donnell from selling the goods named in the chattel mortgage, by virtue of an execution issued

upon a judgment in his favor. The chattel mortgage was given by one Kate Rose Dougherty to secure the payment of the sum of $2,500. The judgment of the defendant Donnell was for $57.33 against Thomas Dougherty and E. Samuel Dougherty,. engaged in business under the name of the Malaga Carpet Com-- pany. Thomas is the husband of Kate Rose Dougherty, the· mortgagor.

Donnell and the constable answer, and also answer by way of ˙ cross-bill. The substance of the cross-bill is that Kate Rose · Dougherty, the mortgagor, became possessed of the title to the· property by a fraudulent arrangement between herself and the · said Thomas and the said E. Samuel Dougherty, for the purpose · of defrauding the said Donnell of his claim against them. The · complainant moves to have the cross-bill dismissed, because it seeks to introduce into the litigation a matter foreign to the sub- ject-matter presented by the bill of complaint, and also because · it seeks to introduce new parties to the controversy. In my judgment it would be entirely untenable to say that a defendant could not set up, by way of cross-bill, the fact that the complain-- ant procured his alleged lien or title by fraud, or by the fraud, or connivance of others with his knowledge or for his benefit.

I think the legal proposition to˙ be discussed in this case is- not whether a defendant cannot obtain relief by means of a cross-bill, but whether he can do so when it appears, by the allegations of the cross-bill, that, in order to establish the fraud,. persons who participated in the alleged fraud have not been' made parties to the original bill, and consequently must either be made parties to the cross-bill as defendants or the case proceed without their presence in court and without their having an opportunity to be heard. This is a combination of the two propositions presented in the notice of the motion to dismiss. After what I have above said, with respect to the right of a defendant to charge a complainant with fraud and so to defeat his claim to title to property in issue, it will be seen that, as this case stands, the real question to be settled is, can the issue be properly litigated without Thomas and E. Samuel Dougherty, the judgment debtors of the defendant Donnell, and the alleged

fraudulent grantors, being present as parties? Since that is the very point or gravamen of the issue—in other words, if the contention of the defendant should prevail, the judgment must be against them—it would seem that all reason and precedent require that they shall be made parties. The charge is directly that, for the purpose of defrauding the defendant, they transferred the title to these goods to Kate Rose Dougherty, and that the complainant had knowledge of the transaction and the purpose which moved them thereto.

In *King* v. *Martin*, *2 Ves. Jr. 641*, a judgment creditor showed that his debtor had procured insolvency proceedings to be instituted for the purpose of defrauding him of his judgment and made the bankrupt a party. The bankrupt demurred to the bill, upon the ground that he was not a necessary party. The demurrer was overruled.

In *Gaylords* v. *Kelshaw et al., 68 U. S. (1 Wall.) 81*, it was held that, in a bill to set aside a conveyance as made without consideration and in fraud of creditors, the alleged grantor is a necessary defendant.

To the same effect is *Sewall* v. *Russell, 2 Paige 175, 176*. In the case of *Lawrence* v. *Bank of the Republic, 35 N. Y. 320, 324*, the court said: " In the creditor's suit against a judgment debtor to set aside a prior assignment made by him in trust for the benefit of creditors, on the ground of fraud, he is a necessary party." See, also, *Van Doren* v. *Robinson, 1 C. E. Gr. 256*.

Besides, in the very many cases which appear in the books of reports instituted by creditors seeking relief against fraudulent transfers of their debtors' property, I think not one can be found in which the debtor has not been made a party. It would seem as though this must be so from the fact that the very object of the bill in this case is to obtain a decree of the court declaring the transfer made by them fraudulent and void. How can it affect them unless they be made parties?

The question still remains, can this cross-bill be so amended by introducing Thomas and E. Samuel Dougherty as parties defendant thereto, and the question involved be litigated in the present proceeding? This must be answered in the negative.

If the complainant has failed to make all the persons interested parties, the defendant has his remedy by proper pleading—that is, by demurrer or notice of motion to strike out for want of proper parties.   If the interests of the defendant be such that it is necessary for him to raise issues not within the scope of the complainant's bill, but which are essential to the establishment of his rights, and to that end new parties must necessarily be brought into the litigation, he can raise such issues by filing an original bill.   *Shields et al.* v. *Barrow, 17 How. (U. S.) 129, 144, 145.*

The motion to strike out the cross-bill should prevail, with costs.   I will so advise.